FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN -8 AM 8:23
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAIME ENRIQUE WHEELOCK,

Petitioner,

v.

CIVIL ACTION NO.: CV211-070

ANTHONY HAYNES, Warden,

Respondent.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jaime Enrique Wheelock ("Wheelock"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Wheelock has filed Responses. For the following reasons, Respondent's Motion should be **GRANTED**.

**STATEMENT OF THE FACTS**

Wheelock was convicted in the Central District of California after a jury trial of: eight (8) counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and eight (8) counts of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and (d). (Doc. No. 6-1, p. 2). Wheelock was sentence to 155 years' and 3 months' imprisonment. Wheelock filed a direct appeal, and the Ninth Circuit Court of Appeals affirmed his convictions and sentence. United States v. Wheelock, 1 F.3d 1248 (9th Cir. 1993).

Wheelock filed a 28 U.S.C. § 2255 motion in the trial court, which was unsuccessful. The Ninth Circuit denied Wheelock a certificate of appealability. Wheelock has also filed at least two (2) petitions for writ of habeas corpus pursuant to section 2241 in the Central District of California. The California court denied Wheelock's first petition, and his second petition is currently pending before that court. (Doc. No. 6, pp. 2-3; Case No. 2:10-cv-05239-RSWL, C.D. Cal.).

In this petition, Wheelock contends that he received ineffective assistance because his counsel did not assert that arresting officials failed to inform him of his right to contact the Nicaraguan consulate. Wheelock also contends that he received "disparity of sentence", which constitutes cruel and unusual punishment. (Doc. No. 1, p. 4). Wheelock asserts that the district court erred in evaluating the sentencing factors and failed to consider his deportable alien status. Wheelock also asserts that the arresting officials hid and failed to present to the grand jury a photocopy of a check his brother had written.

Respondent asserts that Wheelock does not meet the requirements of 28 U.S.C. § 2255's savings clause, and; accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate



AO 72A
(Rev. 8/82)

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Wheelock has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Wheelock offers no explanation as to why a § 2255 motion is inadequate or ineffective to challenge the legality of his detention.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964)



AO 72A
(Rev. 8/82)

(holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Wheelock fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Wheelock's claims have been denied previously does not mean that section 2255's remedy would be inadequate or ineffective. Wheelock has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Wheelock has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Wheelock cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal



AO 72A
(Rev. 8/82)

prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Wheelock is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Wheelock's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)